IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID L. MORK,<br><br>       Plaintiff,<br><br><br><br>vs.<br><br><br><br>SALT LAKE COUNTY,<br><br>       Defendant. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br>Case No. 2:03-CV-686 PGC |

     This civil rights action presents the issue of whether requiring a prisoner to descend stairs without a handrail creates cruel and unusual punishment.  Defendant Salt Lake County has filed a motion for summary judgment (#23), contending that it does not, and the court agrees.  While a handrail might be a desirable safety feature, its absence simply is not the kind of oppressive prison condition sufficient to maintain a civil rights action for unconstitutional prison conditions.

## BACKGROUND

     The Salt Lake County Sheriff's Office booked David Mork into the Salt Lake County Jail on April 29, 2002.  Upon entering the jail, Mork requested special accommodations relating to a claimed disability, including crutches or a cane, a gluten-free diet, continuation of prescribed pain medications, and extra blankets for orthopedic positioning.  Mork claims he was a disabled

inmate, receiving a disability rating from the federal government in 1993 or 1994. The jail made all of these accommodations Mork requested, including assigning Mork to a bunk on the first floor and allowing him to use the medical elevator to access the second floor visiting room on some, but not all, occasions because of his medical condition.

After receiving a copy of the Prisoner Rules and Regulations upon admission to the jail, Mork requested clarification or accommodation for Rule 8(G). Rule 8(G) states that inmates are prohibited from "lean[ing] on the handrails or loiter[ing] on the stairs." Mork filed a grievance with the Sheriff's Office on May 5, 2002, stating "I don't believe it is right that I (being a disabled person) . . . cannot lean on handrails anywhere in the jail." He filed the grievance with one of the officers at the Jail, Officer Jones, who responded by forwarding the grievance to his superior. Officer Jones wrote, "Forward to [Sargent]. Tried to explain [to Mork] that this [Rule concerns] the rails on the upper tier or hanging out on the stairs[;] he is able to use the [handrails] for [their] intended purposes." Sargent E. Ball officially replied on the form, "The only rails [are] on stairs or upstairs. You are housed downstairs. This is not an issue, but thanks for using the system."

Mork was specifically concerned with this issue because of his purported disability and his inability to freely travel from the first to the second floor. According to his deposition testimony and documents filed with that testimony, the jail had disciplined other prisoners for using the handrails. Also, according to Mork, other inmates suffered loss of privileges for violating this rule, including the loss of bedding, restrictions on leaving cells for the day, or being forced to keep their hands behind their backs while using the stairs. Mork cannot, however,

identify any of the prisoners or officers actually involved in these incidents.  Mork stated that jail employees verbally warned him to not lean on the handrails, and, although he did not suffer any loss of privileges for violation of this rule, he feared to use the handrails due to the potential loss of privileges in the jail.

  The incident giving rise to the instant suit arose three days after Mork filed his grievance with the Sheriff's Office.  On May 8, 2002, Mork received visitors at the jail, requiring him to climb to the second floor visiting room.  An officer informed Mork that he had a visitor, but that no officer was available to take him to the visiting room on the second floor via the medical elevator at that time.  Mork attempted to scale the stairs using the handrails, but, according to Mork, the officer specifically instructed him to not use the handrails.  Rather, he was ordered to use his crutches in ascending the stairs.  Mork cannot, however, identify that officer by name or description.  Mork, using his crutches on the stairs, arrived at the second floor vising room without further incident and visited with his mother and son.

  After the visit, there was no officer present from whom to request accommodation in descending to the first floor.  Mork began to descend the stairs to return to the first floor, declining to wait for an officer to request accommodation via the medical elevator.  While descending the stairs on the crutches, and specifically taking care to not use the handrails, Mork's crutch slipped out from under his right arm, unfortunately causing him to fall down the flight of stairs.  Jail employees called for medical help and transported Mork to a local hospital for treatment.  Upon returning to the jail, Mork maneuvered around in a wheelchair, and the jail accommodated him by placing him in a wheelchair-accessible jail cell.

Mork then filed this civil rights action, requesting relief under 42 U.S.C. § 1983 and 42 U.S.C. § 12101 against the Sheriff's Office and Salt Lake County.  The Sheriff's Office moved to dismiss the complaint against it, and the court granted that motion.[1]  Mork alleged that his injuries directly resulted from the actions of Salt Lake County, and that while acting under color of state law, it deprived Mork of his civil rights and violated the Americans with Disabilities Act ("ADA").  Additionally, Mork alleged that Salt Lake County authorized or tolerated the custom and practice of jail employees in denying individuals with disabilities the use of safety devices in the jail.  Mork also alleged that he had exhausted his administrative remedies by filing the Prisoner Grievance Form with Officer Jones.  Mork requested judgment and compensation for injuries, medical expenses, emotional distress, punitive damages, costs and attorneys fees.  He further requested an injunction against Salt Lake County for "further violations of Constitutional rights and federal law."

## SUMMARY JUDGMENT STANDARD

Salt Lake County has filed a motion for summary judgment on all claims, arguing that Mork has failed to state a civil rights claim for his § 1983 action, has failed to show any unconstitutional conduct or policy by Salt Lake County, and has failed to show discrimination based on his disability, rendering his ADA claim ineffective.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no

---

[1] *See* Order Granting Motion to Quash Service of Process, Motion to Dismiss Plaintiff's Complaint Only as to Salt Lake County Sheriff's Office, Docket No. 6 (November 11, 2003).

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2]  The court must view the evidence, and draw reasonable inferences from that evidence, in the light most favorable to the nonmoving party, which is plaintiff David Mork.[3]  Mork may not, however, "rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial."[4]  Thus, to preclude summary judgment, Mork "must present facts upon which a reasonable jury could find in favor" of him.[5]

## CONCLUSIONS OF LAW

Before discussing the individual claims, the court will examine Salt Lake County's argument that "it is questionable whether [Mork] may maintain both [the § 1983 and the ADA] claims for the same core set of facts."  The County offers *Holbrook v. City of Alpharetta*[6] as the basis for this assertion, claiming it would conceivably preclude Mork from receiving the remedies he seeks in federal court for both claims.  The court is unpersuaded.  In *Holbrook*, the Eleventh Circuit specifically concluded that "a plaintiff may not maintain a section 1983 action in lieu of—or in addition to—[an] . . . ADA cause of action if the *only* alleged deprivation is of

---

[2]Fed. R. Civ. P. Rule 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Cummings v. Norton*, 393 F.3d 1186, 1189 (10th Cir. 2005).

[3]*Cummings*, 393 F.3d at 1189; *Spaulding v. United States*, 279 F.3d 901, 904 (10th Cir. 2002).

[4]*Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986).

[5]*Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005) (citing *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997)).

[6]112 F.3d 1522, 1531 (11th Cir. 1997).

the employee's rights *created by* . . . the ADA."[7]  While Mork's claims relate to the same set of facts, Mork has not merely alleged a deprivation of rights granted under or created by the ADA, but has also alleged and argued unconstitutional deprivations of his civil rights.  Because Mork does not rely solely on rights granted under the ADA, the court declines to extend *Holbrook* and examines the motion for summary judgment in light of both of Mork's theories for relief.[8]  With this point in mind, the court will turn first to Mork's civil rights claim, then to his ADA claim.

   *A. The Civil Rights Claim*

In order for Mork's § 1983 claim to succeed, Mork must show that Salt Lake County, "under color of any statute, ordinance, regulation, custom or usage, . . . subject[ed], or cause[d] to be subjected, [Mork] to the deprevation of any rights, privileges, or immunities secured by the Constitution and laws."[9]  In his complaint, Mork alleged deprivations of his "civil rights under the United States Constitution and federal law" by Salt Lake County, but fails to specifically indicate which constitutional rights the County allegedly violated.  In his response to Salt Lake County's summary judgment motion, however, Mork states that the "staircase without handrails . . . is a sufficiently serious condition to warrant constitutional protection under the Fifth, Eighth and Fourteenth Amendments."  Thus, the closest that the court can construe Mork's complaint is that he complains of either an equal protection/due process violation[10] or an Eighth Amendment

---

[7]*Id.* (emphasis added).

[8]*See Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134, 1142-44 (10th Cir. 2005) (analyzing both ADA claim and Section 1983 claim surrounding similar facts).

[9]42 U.S.C. § 1983 (2000).

[10]U.S. CONST. amend. XIV, § 1.

violation.[11]

To the extent Mork relies on the Eighth Amendment, his reliance is misplaced. The Tenth Circuit has distinguished pretrial detainees, like Mork on the date in question, from convicted prisoners, and held that "'[p]retrial detainees are protected under the Due Process Clause rather than the Eighth Amendment.'"[12] This distinction is relatively insignificant, however, for the Tenth Circuit "'applies an analysis identical to that applied in Eighth Amendment cases'" to pretrial detainee § 1983 cases.[13] For precision's sake, the court will refer to the rights Mork alleges the County deprived him as "Due Process rights" rather than Eighth Amendment rights.

To succeed on his § 1983 Due Process claim, Mork "must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference to inmate health or safety.'"[14] A condition is "sufficiently serious" if it subjects an inmate to "'conditions posing a substantial risk of serious harm,'"[15] or, in other words, deprives the inmate of "the minimal civilized measure of life's

---

[11]U.S. CONST. amend. VIII.

[12]*Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (quoting *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999)) (alteration in original).

[13]*Olsen*, 312 F.3d at 1315 (quoting *Lopez*, 172 F.3d at 759 n.2).

[14]*DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (further quotations and citations omitted).

[15]*DeSpain*, 264 F.3d at 971 (quoting *Farmer*, 511 U.S. at 834 (1994))

necessities."[16]

Regarding the deliberate indifference standard, the Tenth Circuit has held that "'[d]eliberate indifference' involves both an objective and a subjective component."[17]  The objective component "is met if the deprivation is 'sufficiently serious.'"[18]  The subjective component under this formulation restates the formulation used by the Supreme Court in *Farmer v. Brennan*,[19] that is, if "an officer 'knows of and disregards an excessive risk to [a detainee's] health or safety.'"[20]  Thus it appears that the Tenth Circuit's division of deliberate indifference into objective and subjective components simply allows for a more convenient shorthand restating the two-part test of *Farmer* under the single title of "deliberate indifference."

Problematic, however, is the Tenth Circuit's further statement that a disputed material fact as to either component will preclude summary judgment.[21]  Neither the case in which that statement appears, *Olsen v. Layton Hills Mall*,[22] nor the cases cited by that case, *Lopez v.*

---

[16]*Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (internal quotations and citations omitted).

[17]*Olsen*, 312 F.3d at 1315 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

[18]*Olsen*, 312 F.3d at 1315 (citing *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)).

[19]511 U.S. at 834.

[20]*Olsen*, 312 F.3d at 1315 (citing *Sealock*, 218 F.3d at 1209 (quoting *Farmer*, 511 U.S. at 837)) (alteration in original).

[21]*Olsen*, 312 F.3d at 1315-16 (citing *Lopez*, 172 F.3d at 764).

[22]*Id.*

*LeMaster*[23] and *DeSpain v. Uphoff*,[24] nor later precedent from the Tenth Circuit[25] appear to directly support the stated proposition.  In *Lopez*, the court reversed a grant of summary judgment against an inmate, finding material issues of fact remained concerning *both* the seriousness of the inmate's medical condition *and* whether a sheriff was deliberately indifferent.[26]  In *DeSpain*, the court reversed a grant of summary judgment against an inmate, finding material issues of fact remained, again concerning *both* elements.[27]  In *Olsen*, the Tenth Circuit purported to "only inquire" whether an issue of material fact existed as to "*either* the objective *or* subjective inquiry"[28] but found that genuine issues of material facts actually existed as to *both*.[29]  In *Reynolds v. Powell*, the Tenth Circuit affirmed a grant of summary judgment against a prisoner, holding that the prisoner had failed to establish a material issue of fact showing that the alleged condition was sufficiently serious, and *declined* to address deliberate indifference at all.[30]  Finally, in *Mata v. Saiz*, the Tenth Circuit held that the inmate had demonstrated a genuine issue

---

[23]172 F.3d 756 (10th Cir. 1999).

[24]264 F.3d 965 (10th Cir. 1999).

[25]*Mata v. Saiz*, No. 03-1247, --- F.3d ----, 2005 WL 2697429 (10th Cir. Oct. 21, 2005); *Reynolds v. Powell*, 370 F.3d 1028 (10th Cir. 2004).

[26]172 F.3d at 764.

[27]264 F.3d at 972-77.

[28]312 F.3d at 1316 (emphasis added).

[29]*Id.* at 1316-17.

[30]370 F.3d at 1031.

of material fact showing that the alleged harm was sufficiently serious,[31] but also held that the inmate had not established a genuine issue of material fact showing deliberate indifference as to several defendants.[32] On this basis, the Tenth Circuit affirmed the trial court's grant of summary judgment as to those defendants.[33] So far as the court is able to discern, the more correct statement from the Tenth Circuit's holdings is that summary judgment against the inmate is proper if the inmate is unable to show a genuine issue of material fact as to either the objective or subjective component of the deliberate indifference standard. This conclusion is logical, as it would make little sense to allow an inmate's claim to proceed to trial even where he was destined to lose because of insufficient evidence on one of the two components.

In light of this precedent, the court must inquire whether Mork has established that a genuine issue of material fact existed as to both the objective or subjective inquiries that would prevent the County's motion for summary judgment. Mork's § 1983 claim arises from a fall allegedly due to a prohibition on using stairway handrails. In order to avoid summary judgment, Mork must demonstrate material questions of fact concerning whether the alleged prohibition on using stairway handrails was sufficiently serious and a showing that the County was "deliberately indifferent" to a substantial risk of serious harm by disallowing use of the handrails.

    1.    Sufficiently Serious/Objective Component of Deliberate Indifference

In examining the objective component of deliberate indifference, the court is guided by

---

[31] 2005 WL 2697429 at **4-6.

[32] *Id.* at **10-12.

[33] *Id.* at *12.

the Tenth Circuit's recent decision in *Reynolds v. Powell*.[34] That case involved an inmate's § 1983 claim based on Eighth Amendment violations after the inmate fell in the shower. The inmate alleged that his shower drained improperly, that he had warned prison officials of the hazardous condition created by the resultant standing water, that he had specifically noted he was at an increased risk of falling due to a prior injury requiring the use of crutches, and that he had requested special accommodations to deal with the condition, only to have that request denied.[35] Although the trial court granted summary judgment based on qualified immunity, the Tenth Circuit declined to address this issue, and instead affirmed the trial court's grant of summary judgment based on a failure of the inmate to put forth sufficient evidence to establish a sufficiently serious condition to warrant constitutional protection.[36] Specifically, the court held, as a matter of law, that the slippery floor hazard encountered by the inmate was no greater than the hazards encountered daily by the general public.[37] The Tenth Circuit concluded that no special circumstances allowed the inmate to "constitutionalize what is otherwise only a state-law tort claim."[38] In so concluding, it noted that even though the inmate had specifically alerted the prison of his heightened risk of falling, the inmate was aware of the risk and had safely

---

[34]370 F.3d 1028.

[35]*Id.* at 1030.

[36]*Id.* at 1029, 1031.

[37]*Id.* at 1032.

[38]*Id.*

encountered the risk on numerous occasions.[39]

Mork has provided no factual allegations that would distinguish his case from *Reynolds*. Even assuming the jail actually prohibited use of the handrails to climb and descend staircases, this prohibition would be no more serious than having staircases without handrails at all. Numerous members of the general public, even those on crutches, encounter and navigate such staircases every day. Mork has not shown how his notification of prison officials that he was using staircases without handrails "constitutionalizes" an otherwise state-law tort claim. Mork knew of the risks involved in climbing or descending the stairs on crutches, and in fact did so safely on several occasions. He also chose to encounter that risk on the day of the accident instead of waiting for assistance from a jail officer. Mork's protestations aside, he provides no facts or law that shows the court this kind of danger is one that rises to the level of constitutional protection. The court finds that there is no genuine issue of material fact regarding whether the encountered danger was sufficiently serious that would prevent a grant of summary judgment in favor of the County.

    2.     Subjective Component of Deliberate Indifference

Even assuming Mork had established a genuine issue of material fact that the risk he encountered was sufficiently serious to merit constitutional protection, he must still show a genuine issue of material fact showing that "an officer [knew] of and disregard[ed] an excessive risk to [Mork's] health or safety"[40] as required under the subjective component of deliberate

---

[39] *Id.*

[40] *Olsen*, 312 F.3d at 1315 (further quotations and citations omitted).

indifference. Mork highlights several issues that he claims raise a genuine issue of material fact regarding this component: (1) the inherent nature of the risk and common knowledge, (2) the warning provided by him in his grievance requesting exemption from Rule 8(G), and (3) the toleration of the practice of forbidding use of the handrails by the county.[41] Proof of the subjective component of deliberate indifference is a highly factual inquiry into the state of mind of individuals, usually requiring proof by circumstantial evidence.[42] Therefore, the court examines whether the circumstantial evidence presented by Mork establishes a genuine issue of material fact showing subjective deliberate indifference by the County.

Mork has provided no evidence showing that the County knew about the risk of his falling down the stairs or tolerated the practice of forbidding use of the handrails by the County. Indeed, the sum total of the evidence is his own deposition and discovery responses indicating (1) that he was forbidden from using the handrails, (2) that other inmates were also prohibited, and (3) that he has written statements from some former prisoners who claimed that they were prohibited from using the handrails or knew of the prohibition. In opposing summary judgment, Mork has not provided those actual statements, nor sought depositions of any of those individuals, and provides no evidence beyond his own testimony. There is nothing in this testimony that would allow a reasonable finder of fact to infer that the County has subjective knowledge of the risk Mork encountered in the jail.

In fact, Mork's reliance on his notice to the County through the grievance process directly

---

[41] P's Memo. In Opp. Of Sum. J., at 10-12, Docket No. 29 (August 12, 2005).

[42] *See Mata*, 2005 WL 2697249 at **3-4.

refutes such an inference. Officer Jones's comments on the grievance specifically indicate that the officer "tried to explain" that the rule concerns "the rails on the upper tier or hanging out on the stairs" and that Mork "is able to use the [handrails] for [their] intended purposes." While Sargent Ball's reply on the form that Mork's grievance was "not an issue" is standing alone possibly susceptible to more than one interpretation, when read in light of Officer Jones's clear comments showing that Mork was permitted to use the handrails, the grievance and response cannot be taken to impute specific knowledge to the County that Mork was at a risk of falling down the stairs due to the handrail use prohibition. Also, Mork successfully navigated the stairs on at least several occasions, by his own account, further contradicting his assertion that the obviousness of the danger should be used to impute knowledge to the County.

There is nothing beyond a mere allegation by Mork that the County knew of and tolerated a general practice of prohibiting use of the handrails on the stairs. In light of the standard that Mork may not rest on mere allegations in the pleadings and must show a genuine issue of fact for trial,[43] there is no genuine issue of fact as to whether the county was subjectively deliberately indifferent in disregarding the risk to Mork's health and safety.

Because the court finds that Mork has not shown that there is a material issue of fact regarding (1) whether the danger he encountered was objectively sufficiently serious to merit constitutional protection, and (2) whether the County was subjectively deliberately indifferent in disregarding the risk to Mork's health and safety, the County is entitled to summary judgment on Mork's Due Process claims under 42 U.S.C. § 1983.

---

[43] *Anderson*, 477 U.S. at 256.

*B. The ADA Claim*

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefit of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[44] The statute defines a "public entity" as "any department, agency, special purpose district, or other instrumentality of a State or States or local government."[45] For Mork to prevail, he must show that: (1) he was a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination occurred because of his disability.[46] To avoid summary judgment on his ADA claim, Mork must show a genuine issue of material fact as to each of these elements.

For purposes of this motion, the County has not disputed that Mork is a qualified individual with a disability. The court finds, however, that Mork has failed to show any fact indicating that he was either excluded from participation in or denied the benefits of the County's services, programs or activities, or otherwise discriminated against by the County. In addition, he has failed to demonstrate that if there was such an exclusion, denial of benefits, or discrimination by the County, it occurred because of his disability.

Mork points to two benefits he claims to have been denied: the use of handrails and the

---

[44] 42 U.S.C. § 12132 (2000).

[45] *Id*. at § 12132(1)(B).

[46] *Goheir v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999).

use of the elevator.[47]  As to the use of the elevator, Mork chose to attempt to descend the stairs rather than wait and request to use the medical elevator.  He failed to avail himself to an available resource, but now asserts that the county denied him a service, program, or activity.  In his opposition, Mork complains for the first time that the County also denied him the use of the elevator subsequent to his accident when he was in a wheelchair.[48]  This allegation is not contained in his Complaint, was not the subject of discovery in this case, and therefore the court declines to address it.  As to the prohibited use of stairway handrails, while the use of handrails is clearly of benefit, the court fails to see how they are a service, program, or activity provided by the County.

In any event, Mork has effectively pleaded himself out of a case on his ADA claim based on the prohibition of using the stairway handrails.  Specifically, he indicates in his opposition that "there was a universal prohibition on use of the jail's handrail,"[49] a position he has maintained throughout this case.  If the prohibition or denial was universal, there is no way it could have been based on Mork's disability, as required for recovery under the ADA.

The court finds that there is no genuine issue of material fact regarding whether a service, program, or activity provided by the County was denied to Mork.  Even if the County denied Mork a service, program, or activity, there is no genuine issue of material fact showing that the denial was not universal.  The court holds that nothing precludes a grant of summary judgment in

---

[47]P's Mem. In Opp. To Sum. J., at 14.

[48]*Id*. at 15.

[49]*Id*. at 14.

favor of the County on Mork's ADA claim, and the County is entitled to summary judgment on Mork's claim under 42 U.S.C. § 12101.

## CONCLUSION

The court GRANTS defendant's motion for summary judgment on all claims (#23). The clerk's office is directed to close the case.

DATED this 14th day of November, 2005.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge